DAVIS, Assistant Treasurer, *v.* TILLOTSON *et ux.*

*(Circuit Court, S. D. Ohio, W. D.* December 31, 1891.)

REMOVAL OF CAUSES—PETITION IN STATE COURT—TIME OF FILING.
When the petition for the removal of a cause on the ground of diverse citizenship is not filed in the state court before the answer-day fixed by the state laws, as required by the express terms of section 3 of the removal act of 1887, (as amended by Act Aug. 13, 1888,) the cause must be remanded; and the fact that no advantage could be taken of the default of answer in the state court, because the suit was a joint one against the defendant and another, who had not been served, is immaterial.

At Law. Action by Joseph W. Davis, assistant treasurer of Champaign county, Ohio, against Ephraim Tillotson and Mary S. Tillotson to recover taxes. Heard on motion to remand to the state court, from which it was removed. Granted.

*E. P. Middleton,* for plaintiff.

*Geo. M. Eichelberger* and *Harmon, Colsten, Goldsmith & Hoadly,* for defendants.

SAGE, J. The petition in this case was filed in the court of common pleas of Champaign county, Ohio, the 21st of May, 1890, and on the same day summons was issued. On the 27th day of May the summons was returned, served on Ephraim Tillotson personally. The answer-day was the 21st of June, 1890. The defendant Ephraim Tillotson, on the 28th day of June, 1890, appeared specially, and moved to quash the service of process upon him, and for the dismissal of the cause for want of jurisdiction. At the May term, 1891, of said court, the motion was overruled, and leave was granted to the defendant to answer by August 1, 1891. On the 13th of July, 1891, said defendant filed his petition for removal to the United States court upon the ground that he was a resident and citizen of the state of Illinois, as was also his wife, Mary E. Tillotson, who was his co-defendant. She has not been served with process.

The action is for the recovery of back taxes amounting to $15,466.59, with interest, and the statutory penalties, upon personal property and credits alleged to have been withheld by the defendants from listing for a series of years, beginning with 1884 and ending with 1889. It is urged against the motion to remand that the action is upon a joint, and not a joint and several, liability, and therefore no judgment can be taken against the defendant Ephraim Tillotson, who filed the petition for removal. The contention in support of the removal is that, as no judgment can be taken against the defendant served until his co-defendant is brought before the court, he was not in default when he filed his petition for removal. But section 3 of the removal act of 1887, as amended August 13, 1888, requires that the petition for removal be filed in the state court at or before the time when the defendant is required by the laws of the state, or the rule of the state court in which the suit is pending, to answer or plead to the declaration or complaint of the plaintiff. That time

in this case was the 21st of June, 1890. Whether a judgment could have been taken upon the defendant's default is not material. It may be true that the case could proceed no further until the bringing in of his co-defendant, but he was none the less in default, and unable to make any defense without leave of court. If the absent defendant has any property in the state of Ohio, a writ of attachment can be issued against her by the state court, on the ground of non-residence, and she brought in upon service by publication. That could not be done, upon the ground stated, in the federal court. While, therefore, there may be an advantage to the removing defendant, resulting from the transfer of the cause to this court, the cause cannot be allowed to remain here, unless the petition for removal was filed in accordance with the provisions of law. I think it clear, upon the facts, that the filing was too late.

The cause will therefore be remanded, at the costs of the defendants.