### FIDELITY TRUST & SAFETY-VAULT CO. v. NEWPORT NEWS & M. V. CO.

(Circuit Court, D. Kentucky.   July 9, 1895.)

1. REMOVAL OF CAUSES—TIME OF REMOVAL—STATE STATUTES AND RULES OF COURT.

A state statute required the answer or defense to be filed within 20 days after service of summons. Ky. St. §§ 1003, 1004; Bullitt, Code Prac. §§ 20, 21. By a rule of the state court a party desiring to have a case set down for trial was required to leave a memorandum to that effect in the clerk's office, and the clerk placed the cause on the trial docket on the succeeding Monday.   It was claimed that under this rule the practice was to permit a defense to be filed on the day the case was called on the trial docket.   *Held*, that such a practice did not entitle defendant to file his defense at that time, as of right, and consequently did not operate to extend the time for removal beyond the 20 days fixed by the statute.

2. SAME—SPECIAL APPEARANCE IN STATE COURT.

Where the state statute requires defendant to file his answer within 20 days from the date of service, and there is no service, but defendant specially appears for the purpose of objecting to the jurisdiction, he, at most, has only 20 days from such appearance in which to remove the cause.

3. SAME—EFFECT OF TRIAL IN STATE COURT.

It seems that a trial in the state court upon demurrer, plea, or other defense, precludes a subsequent removal, even if such trial was had before the date on which defendant was required by the state law and practice to file his defense.

4. SAME—JURISDICTION OF FEDERAL COURT.

The federal court must decide for itself whether or not the petition for removal was filed in time, and all issues of fact upon the petition are only triable in that court.

5. SAME—TIME FOR FILING DEFENSES—KENTUCKY STATUTES.

The provision in the Kentucky statute (St. § 1004; Bullitt, Code Prac. § 21) that the defense to an action shall be filed within 20 days after the service of the summons, etc., is not limited to pleadings which are filed in the clerk's office, but applies to defenses in all actions, wherever they are filed.

This was a suit brought in the common pleas division of the Jefferson circuit court, state of Kentucky, by the Fidelity Trust & Safety-Vault Company against the Newport News & Mississippi Valley Company. The case was removed by defendant to this court, and plaintiff has made a motion to remand it to the state court.

W. O. Harris, for plaintiff.

Thos. W. Bullitt, Holmes Cummings, and Grubbs & Morancy, for defendant.

BARR, District Judge. This case is submitted on motion of plaintiff to remand the case to the state court from whence it came. It appears that the petition was filed in the common pleas division of the Jefferson circuit court on May 2, 1894; that summons was issued on same day, and executed upon Holmes Cummings, the sheriff making the following return:

"Came to hand May 2nd, 1894, at 4:40 p. m. Executed May 5th, 1894, on the Newport News & Mississippi Valley Company, by delivering to Holmes Cummings, its general attorney for the state of Kentucky, a copy of the within summons, said Cummings being the chief officer or agent of said company found in this county.

"[Signed]            H. A. Bell, S. J. C., by John Tarlton, D. S."

On the 22d of May, 1894, the defendant filed a plea in abatement, in the following words:

"In this cause, for the single purpose of raising the question of jurisdiction below stated, the defendant, the Newport News & Mississippi Valley Company, comes and states that at the time of the filing of plaintiff's petition herein, and all the times since then, including the day of service of process herein upon Holmes Cummings, it, the said Newport News & Mississippi Valley Company, had no officer or agent in this county or state, and the said Holmes Cummings was not an officer or agent of this defendant at the date of the service of process herein upon him (May, 1894), nor at or since the filing of the plaintiff's petition herein, nor at any other time. Said Holmes Cummings is a duly licensed and practicing attorney at law, enrolled as such, and practicing in the courts of this state, although a resident of the state of Tennessee, and is, and for several years last past has been, in the employ of the defendant as its attorney, representing it in its legal business, and not otherwise. This defendant pleads this matter in abatement herein, and asks that this service be quashed and the action abated."

On the 31st of May the plaintiff filed a demurrer to this plea, as being insufficient in law to abate the action; and on the 8th of June,

1894, by consent, it was assigned to Monday, June 11th, for hearing on the demurrer to the plea in abatement; and on the 11th of June, by consent of all parties, by counsel, the demurrer was postponed one week; and on the 18th of June, 1894, the parties, by counsel, appeared, and, the demurrer to the plea in abatement being heard by the court, it was sustained; and on the 23d of June, 1894, the defendant filed its petition for removal, and executed the proper bond.

The act of congress of the 13th of August, 1888, allowed a defendant to remove a cause from a state court "at the time or any time before the defendant is required by the laws of the state or the rule of the state court in which said suit is brought to answer or plead to the declaration or complaint of the plaintiff." 25 Stat. p. 435, § 3.

The first inquiry is whether or not the petition for removal, which was filed on the 23d of June, 1894, was in time, and that will depend upon the present law of the state of Kentucky in regard to the court of common pleas division. By the act of Kentucky approved December 30, 1892, entitled, "An act concerning practice in circuit courts having continuous sessions," it is provided that "the time fixed in the summons for the defendant to answer shall be 20 days after the service thereof, if in the county in which the court is to sit, and 30 days if elsewhere in the state." Section 1003, St. Ky., and section 20, Bullitt, Code Prac. And in the next two sections (section 1004, St. Ky.; section 21, Bullitt, Code Prac.) it is provided that "the defense to an action shall be filed within 20 days after the service of the summons if in the county where such court sits, and within 30 days after service if served elsewhere in the state," and (section 22, Bullitt, Code Prac.) "Every pleading subsequent to the answer shall be filed in fourteen days after the pleading is filed to which it responds, but the court may extend the time for pleading"; also (section 24, Id.), "The filing of a pleading in the clerk's office within the proper time, and causing it to be noted on the clerk's memorandum book and rule docket, shall be equivalent to a filing in court." In another section (section 1034, Ky. St.) of said act the Jefferson circuit court is given authority at general term to make rules for the said court, and shall have power from time to time to change such rules. These, we believe, are the only sections of the law applicable to the present inquiry.

It is claimed that notwithstanding these provisions of the statute, and the fact that more than 20 days had expired after the service of the summons and the filing of the plea in abatement before the petition for removal was filed, the petition was in time, because of a rule of the Jefferson circuit court, and the uniform practice thereunder. That rule is in these words:

"When an action is ready for trial the party desiring it placed upon the trial docket may have this done by leaving a written memorandum any Monday in the clerk's office containing the number and style of the action and indicating whether it is to be set down for the plaintiff or defendant, and if not all the defendants then giving the names of those against whom it is to be set, whereupon the clerk shall place the action on the trial docket for the next succeeding Monday."

We have no evidence in this record what the practice is under this rule, which is in the same language as the former rule adopted before the act of December, 1892; but we cannot construe it, in view of the present law, to mean that the defendant is entitled, as of right, to answer on the day the case is called on the trial docket. Undoubtedly, the court may, by special order, allow an answer to be filed on the call of the case on the trial docket, and it may be equally true that a default judgment cannot be taken for the want of an answer until the case is set on the trial docket, under this rule; but is not this only a mode prescribed by which the benefit of the absence of an answer can be taken advantage of by the opposite party, and not an extension of the time to answer, which is fixed by the statute? Indeed, is it not doubtful whether the court could, by a general rule, extend the time for answer fixed by the statute, in all cases, and would it not be an attempt to change the statute by a rule of court? There is in this case no extension of time given by special order of the state court, and we, therefore, need not inquire what would be the effect of such an extension of time as was given in the case of Wilcox & Gibbs Guano Co. v. Phœnix Ins. Co. of Brooklyn, 60 Fed. 929, cited by defendant's counsel. We have heretofore decided, and prior to the act of December, 1892, that a party defendant had a right to file his defense until the case was called on the trial docket, and that a petition for removal any time before then was within the time provided by the act of congress. See Gowdy v. Pullman Car Co., and Dennis v. Railway Co.[1]

This ruling was under the then statute, but we think the present statute precludes any such ruling, since it provides that the "defense to an action shall be filed within 20 days after the service of the summons, if within the county where the court sits." Bullitt, Code Prac. § 21. Here there has been no extension of time given by special order. Indeed, a defense was filed and adjudicated upon in the state court before the removal.

The suggestion of defendant's counsel, that the provision of section 21 as to the time in which defenses shall be filed only applies to defenses filed in the clerk's office, is not, we think, sustainable. The language of this section applies to defenses in all actions, wherever the defenses may be filed, and cannot, by any canon of construction, be confined to defenses filed in clerk's office. If this section does not apply to the defenses as filed in the state court, then there is no time fixed by law when answer or plea is to be filed in court. In Railway Co. v. Daughtry, 138 U. S. 298, 11 Sup. Ct. 306, the supreme court, in discussing the provisions of the act of 1887-88, as to the time of filing petitions for removal, say:

"The statute is imperative that the application to remove must be made when the plea is due, and, because a plaintiff in error does not take advantage of his right to take judgment by default, it cannot be properly held that he thereby extends the time for removal." Page 303, 138 U. S., and page 306, 11 Sup. Ct.

---

[1] Opinions in above-entitled cases were not filed.

And again 'the same court, in Martin's Adm'r v. Railway Co., 151 U. S. 686, 14 Sup. Ct. 533, say:

"This provision allows the petition for removal to be filed at or before the time when the defendant is required by the local law or rule of court 'to answer or plead to the declaration or complaint.' These words make no distinction between the different kinds of answers or pleas, and all pleas or answers of the defendant, whether in matter of law, by demurrer, or in matter of fact, either by dilatory plea to the jurisdiction of the court, or in suspension or abatement of the particular suit, or by plea in bar of the whole right of action, are said in the standard books on pleading 'to oppose or answer' the declaration or complaint which the defendant is summoned to meet."

This language of the court is quoted and approved in the recent case of Goldey v. Morning News (decided on March 11, 1895) 15 Sup. Ct. 559. But it is contended by learned counsel that in this case the Newport News & Mississippi Valley Company was never before the court, and therefore the petition for removal is in time, unless this court, upon the face of the present record, decides that it was before the state court. The language just quoted from the supreme court would seem to indicate that the petition for removal must be filed when any plea or answer or demurrer is due by the state practice, and that the removal should be made before either the plea, demurrer, or answer is passed upon by the state court. This question, however, is not distinctly decided, but we think it is clearly decided that a removal must be had within the time required by the state law or rule of court, upon the theory that the party removing the case is before that court for a special purpose. In this case there is only a special appearance, and the supreme court, as well as the circuit court of appeals, have decided that where there is only a special appearance made a petition for removal in a state court is not a general appearance in a suit, but it is, and must be, an appearance for the purpose of raising the questions presented, either by a motion or by a plea. Goldey v. Morning News (March 11, 1895) 15 Sup. Ct. 559; Railway Co. v. Brow, 13 C. C. A. 222, 65 Fed. 941. We must, therefore, in this case, regard the filing of the plea in abatement on the 22d of May, 1894, by the defendant, as an entrance of the appearance of the defendant for that purpose as of that date. Assuming, then, that the defendant had simply entered a special appearance, without filing the plea itself, and would have had 20 days within which to file his plea in abatement, the 20 days would have expired some time before the petition for removal was filed in this case. This view is assuming that the decision of the state court upon the plea in abatement should have no effect, and that the right of removal must continue to exist, if in time, as well after as before such adjudication. We are inclined to think that the recent decisions of the supreme court indicate that the trial of a demurrer, a plea, or other defense in the state court precludes the removal of the case thereafter, though the trial may have been within the time required by the state statute or rules within which a defense might have been pleaded. This would have been

the effect under the act of 1875.    In Martin's Adm'r v. Railway Co., supra, the supreme court, in considering this provision of the act of 1887–88, say:

"Considering the provision now in question, having regard to the natural meaning of its language, and the history of legislation on this subject, the only reasonable inference is that congress contemplated that the petition for removal should be filed in the state court as soon as the defendant was required to make any defense whatever in that court, so that if the case should be removed the validity of any and all of his defenses could be tried and determined in the circuit court of the United States."

It is true, we think, that the federal court must decide for itself whether or not the petition for removal has been in time, and that all issues of fact, upon the petition for removal, are only triable by the circuit court of the United States.    The supreme court, in Railway Co. v. Dunn, 122 U. S. 513, 7 Sup. Ct. 1262, discussing this question, says:

"But, inasmuch as the petitioning party has the right to enter the suit in the circuit court, notwithstanding the state court declines to stop proceedings, it is easy to see that if both courts can try the issues of fact which may be made on the petition for removal the records from the two courts, brought here for review, would not necessarily be always the same.    The testimony produced before one court may be entirely different from that in the other.    The decisions in both courts may be right upon the facts as presented to them, respectively. Such a state of things should be avoided, if possible, and this can only be done by making one court exclusive judge of the facts.    On that question there ought not to be a divided jurisdiction.    It must rest with one court alone, and that, in our opinion, is more properly the circuit court."

While this is true, though there be only a special appearance entered, the petition for removal itself must be within the time required by the state law, or the rule of the state court in which the action is brought, after the special appearance; and in this case it is quite clear from the record that the removal has not been made within the 20 days.    The case of Pleiss v. Phœnix Bridge Co.,[2] recently decided by this court, is unlike this in the fact that upon the face of the record there was no appearance of the Phœnix Bridge Company until a period of within 20 days before the petition for removal was filed, and therefore it is not an authority to sustain this removal.

In this view of the case, it is not necessary for the court to consider whether or not the defendant was before the court generally. We conclude, therefore, that the case must be remanded, and it is so ordered.

[2] Not to be published.