### PITKIN v. COWEN et al.

(Circuit Court, S. D. Ohio, E. D.    January 13, 1899.)

#### No. 873.

1. REMOVAL OF CAUSES—ACTION AGAINST FEDERAL RECEIVERS.

A federal court will take judicial notice that defendants, who are sued in the state court as receivers operating a railroad, are acting under its own appointment, as shown by its records, and hence that a federal question is disclosed, although the plaintiff's petition is silent as to the authority under which defendants were acting.

2. SAME—RIGHT OF RECEIVER TO REMOVE—ANCILLARY SUITS.

Under section 3 of the judiciary acts of 1887 and 1888, a suit against railroad receivers appointed by a federal court is not removable into such court from a state court on the ground that it is ancillary to the main suit in which the receivers were appointed, where the cause of action arose out of acts or transactions of the receivers "in carrying on the business connected with the property," and not out of any transaction of the insolvent corporation.[1]

### On Motion to Remand.

---

[1] As to removal of suits by and against federal receivers, see note to Plow Works v. Finks, 26 C. C. A. 49.

H. H. & R. M. Greer, for plaintiff.

J. H. Collins, for defendants.

THOMPSON, District Judge. This suit was commenced in the court of common pleas of Knox county, in this state, and was thence removed to this court. It is now submitted to the court upon a motion to remand it to said court of common pleas, upon the ground that "neither the parties to the suit, nor the amount involved, entitles the defendants to have this case removed from said Knox county." This suit was brought against the defendant receivers to recover dam ages for the death of the plaintiff's intestate, wrongfully caused, as is alleged in the original petition, by the negligence of the employés of the receivers in operating a train over the railroad in their charge. The amount claimed is $1,999. The original petition alleges that the defendants were appointed receivers of the Baltimore & Ohio Railway Company, and that, as such receivers, they are in possession of, and are now operating, a line of railroad, part of which runs through the said county of Knox; but the petition does not show by what court the receivers were appointed; and it is claimed on behalf of the plaintiff that no cause is shown in the original petition for the removal of the case to this court,—in other words, that the original petition does not show a federal question, diverse citizenship, or any other recognized cause justifying removal.

It is well settled that, in order to justify a removal, the cause must appear in the original petition, and it cannot be supplied by the averments of the petition for removal. There is no claim here that the removal can be justified upon the ground of diverse citizenship; and it is claimed that no federal question is shown; that no facts are stated in the original petition raising a federal question. It is conceded, and must be under the authorities, that, if it were shown in this petition that the receivers were appointed by a United States court, then a federal question would be presented, because, as said by the supreme court of the United States in Railway Co. v. Cox, 145 U. S. 603, 12 Sup. Ct. 908:

"As the receivers became such by reason of, and derived their authority from, and operated the road in obedience to, the orders of the circuit court in the exercise of its judicial powers, we hold that jurisdiction existed, because the suit was one arising under the constitution and laws of the United States."

But it is said that, for aught that appears in the original petition, these receivers may have been appointed by one of the state courts, and therefore no federal question is presented. If, however, it appears from the petition, in connection with matters of which the court will take judicial notice, that these receivers were appointed by this court, then a federal question is presented, and cause for removal is shown. I think this court may take judicial notice of the fact that the receivers were appointed by this court. This court is advised by its own record that they were appointed receivers of this road, and at the time of the death of plaintiff's intestate were, and now are, in control thereof, as such receivers; and this excludes any suggestion that they may have been appointed, and may be in possession of the road, by the authority of a state court. I therefore hold that a federal question is sufficiently

shown in the original petition to furnish a basis for removal if the other necessary conditions exist to justify it.

But it is claimed, in the second place, that the removal was not justified, because the original petition shows that the amount of the claim is less than $2,000. The defendants, on the other hand, claim that the suit is ancillary to the suit in which the receivers were appointed, and is within the jurisdiction of this court, regardless of the citizenship of the parties, the nature of the controversy, or the amount involved.

By section 1 of the act of congress of March 3, 1887, as corrected and amended by the act of August 13, 1888 (1 Supp. Rev. St. U. S. [2d. Ed.] p. 611), it is provided:

"That the circuit courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and arising under the constitution or laws of the United States, or treaties made, or which shall be made, under their authority."

### And by section 2 of said act it is provided:

"That any suit of a civil nature at law or in equity, arising under the constitution or laws of the United States, or treaties made, or which shall be made under their authority of which the circuit courts of the United States are given original jurisdiction by the preceding section, which may now be pending, or which may hereafter be brought, in any state court, may be removed by the defendant or defendants therein to the circuit court of the United States for the proper district."

### And by section 3 of said act of August 13, 1888 (1 Supp. Rev. St. U. S. [2d. Ed.] p. 614), it is provided that:

"Every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed, but such suit shall be subject to the general equity jurisdiction of the court in which such receiver or manager was appointed so far as the same shall be necessary to the ends of justice."

And the question is whether the removal was justified under these acts.

In support of their contention, counsel for the defendants cite a case on all fours with the case at bar, and which in every point sustains the claim of the defendants. I refer to the case of Carpenter v. Railway Co., 75 Fed. 850. In that case the court overruled the motion to remand, and in support of its action says:

"And in the case of White v. Ewing, 159 U. S. 36–40, 15 Sup. Ct. 1019, * * * the opinion of the court * * * asserts that, where a circuit court obtains jurisdiction over an insolvent corporation by the filing of an original bill and by the appointment of a receiver, 'any suit by or against such receiver, in the course of the winding up of such corporation, whether for the collection of its assets or for the defense of its property rights, must be regarded as ancillary to the main suit, and as cognizable in the circuit court, regardless either of the citizenship of the parties, or of the amount in controversy.' * * * And, 'where an insolvent corporation is placed in the hands of a receiver of the circuit court, such appointment draws to the jurisdiction of that court the control of its assets, so far as persons having claims to participate in the distribution of such assets are concerned, and that parties must go into that court in order to assert their rights, prove their demands, and

receive whatever may be due them, or their share or interest in the estate. * * * There is just as much reason for questioning the jurisdiction of the court in this case upon the ground of the want of diverse citizenship as upon the ground that the requisite amount is not involved.'"

It will be observed, however, that the language quoted from White v. Ewing is used with reference to the "winding up," not to the "carrying on," of the business of an insolvent corporation. It refers to suits brought to adjudicate claims due to or from the insolvent corporation, necessary to be determined in order to a distribution of the fund, —to transactions of the insolvent corporation, and not to transactions of receivers; and the suits therefore were ancillary to the main suit, and could only be brought by leave of the court in which the main suit was pending. The statutes above cited do not authorize the receiver to be sued in such cases. They only authorize him to "be sued in respect of any act or transaction of his in carrying on the business connected" with the property in his hands. This view of the law is supported by the following cases: Central Trust Co. v. East Tennessee, V. & G. Ry. Co., 59 Fed. 523; McNulta v. Lochridge, 141 U. S. 327, 12 Sup. Ct. 11; Railway Co. v. Johnson, 151 U. S. 81, 14 Sup. Ct. 250.

It appearing, therefore, that this suit was brought against the receivers in respect of an act or transaction of theirs in carrying on the business connected with the property in their hands, and, the amount claimed being less than $2,000, I am of opinion that the case was not removable. To hold otherwise would nullify the statute, and make the jurisdiction of the state courts in such cases dependent upon the mere will of the receivers. I do not think the statute is open to any such construction. I believe that congress intended that persons having claims against a receiver incurred in carrying on a business in connection with the property in his hands, where the amount was under $2,000, might sue in the state courts in the locality where the cause of action arose, and not be compelled to bear the expense of litigation in a United States court, often far from the place where the claimants reside. The statute is peculiarly applicable to receiverships of railroads. When the claim is litigated in the state court, if it results in a judgment in favor of the plaintiff, then his claim must be presented to this court, as the court in which the receiver was appointed; and this court, under the last clause of section 3, will determine the place and rank of such claim in the distribution of the property in the hands of the receiver. The motion to remand, therefore, will be sustained.