## Lilienthal v. Carpenter, Baggott & Company.

(Decided April 26, 1912.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Actions—Joinder.—The joinder is not fraudulent where the resident defendant is properly sued and the liability of the non-resident is denied.
2. Action—Removal of—Service of Summons.—The petition for removal is too late if not filed in twenty days after service of summons in Jefferson County.

FLEXNER & GORDON and ROWAN HARDIN for appellant.

LAWRENCE LEOPOLD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

Annie E. Lilienthal brought this suit against Carpenter, Baggott & Company, a firm doing business in

New York, and Washington Flexner, doing business in Louisville under the name of Washington Flexner & Company, the firm of Carpenter, Baggott & Company being composed of N. L. Carpenter, J. L. Carpenter and Sterritt Tate. The plaintiff alleged in the petition that the defendants were engaged in business in Louisville; that her cause of action accrued there, by and through the business conducted in their name; that Washington Flexner was the managing agent and person in charge of the business of Carpenter, Baggott & Company in the State of Kentucky, and was so conducting the business for them under the name of Washington Flexner & Company; that between January 4, 1910, and June 1, 1911, she lost to the defendants, Carpenter, Baggott & Company, and paid to them and they won of her and received from her various sums of money in amounts in each instance exceeding the sum of $5, which were so lost by the plaintiff and won by the defendants at one time or within twenty-four hours, aggregating in all the sum of $3,960 and that this sum was lost by the plaintiff to the defendants, the Carpenter, Baggott & Company, in bets and wagers between her and them upon the rise or fall in the price of cotton. The plaintiff set out in detail how the bets were made and the money lost, and prayed judgment against each of the four defendants for the amount so lost. The process was served upon Washington Flexner for himself and for the other defendants on July 24, 1911, the sheriff's return concluding with these words:

"Said Washington Flexner being the manager, agent of, and person in charge of the said business of the said firm of Carpenter, Baggott & Company, in the State of Kentucky and County of Jefferson."

On October 4, 1911, or more than sixty days after the service of the summons, the non-resident defendants entered a motion to quash the service of the summons against them and each of them and tendered their petition for removal of the action to the United States Circuit Court. The case being heard on the motion to remove the case, the circuit court ordered it removed to the United States Circuit Court on the petition of Carpenter, Baggott & Company. From this order the plaintiff appeals.

It may be gathered from the affidavit filed on the motion to quash the process and from the petition for removal that Carpenter, Baggott & Company, who are

residents of New York, denied that they were doing any business in Louisville, or that Washington Flexner was the agent or manager of any business for them there. But that is a question not material on this appeal. Under the allegations of the petition Washington Flexner is liable to the plaintiff for the money that she bet with him and lost with him, whether he acted for himself in the business or as the agent of Carpenter, Baggot & Company. If he acted as the agent of Carpenter, Baggott & Company while he is liable personally, those whom he represented and whose agent he was, are liable also. (Triplett v. Seelbach, 91 Ky., 380; Cartright v. McElwain, 132 Ky., 83; White v. Wilson, 100 Ky., 367; Paducah Com. Co. v. Boswell, 26 R., 1063.) Sections 1955, 1956 and 1958, Kentucky Statutes, apply to gambling in futures. (Lyons v. Hodgins, 90 Ky., 280), and all persons concerned in the game and winning the money are under the statute liable to the person who loses it whether they acted in the game for themselves or as the agent of another. The principal is jointly liable with the agent under the statute. This is, therefore, clearly not a case of fraudulent joinder; for unquestionably under the allegations of the petition Washington Flexner is liable to the plaintiff although it may turn out that the New York firm is not liable. If there is any fraud on the part of the plaintiff, her fraud consists in suing the New York firm, and not in joining Washington Flexner in the suit. The case was, therefore, not removable. (Enos v. Ky. Distilleries Co., 189 Fed., 342.)

The removal should not have been ordered for another reason. By the act of Congress the petition for removal must be filed ''at the time or at any time before the defendant is required by the laws of the State or the rule of the State Court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff.'' The statute of the State which regulates the time when the defendant is to answer is as follows:

''The time fixed in the summons for the defendant to answer shall be twenty days after the service thereof, if in the county where such courts sit, and thirty days if elsewhere in the State.'' (Section 1003, Kentucky Statutes.)

''The defense to an action shall be filed within twenty days after the service of the summons in the county where such court sits or within thirty days after such

service elsewhere in the State.'' (Section 1004, Kentucky Statutes.)

''The filing of a pleading in the clerk's office within the proper time, and causing it to be noted upon the clerk's memorandum book and rule docket, shall be equivalent to a filing in court.'' (Section 1007, Kentucky Statutes.)

The summons was served in Jefferson County on July 24, and the petition for removal was not offered until October 4. It is clear, therefore, that the petition was not filed at or before the time when the defendant was required to answer under the statute of the State. There is no rule of the Jefferson Circuit Court in conflict with the statute, and its power to make a rule is subject to the statute. (Section 984, Kentucky Statutes.) The precise question was before Judge Barr, a distinguished lawyer of Louisville in the case of Fidelity Trust Co. v. Newport News & Mississippi Valley Co., 70 Fed., 403. In a full opinion after setting out the provisions of the statute, he said:

''It is claimed that notwithstanding these provisions of the statute, and the fact that more than twenty days had expired after the service of the summons and the filing of the plea in abatement before the petition for removal was filed, the petition was in time, because of a rule of the Jefferson Circuit Court, and the uniform practice thereunder. The rule is in these words:

''When an action is ready for trial the party desiring it placed upon the trial docket may have this done by leaving a written memorandum any Monday in the clerk's office containing the number and style of the action and indicating whether it is to be set down for the plaintiff or defendant, and if not all the defendants then giving the names of those against whom it is to be set, whereupon the clerk shall place the action on the trial docket for the next succeeding Monday.''

''We have no evidence in this record what the practice is under this rule, which is in the same language as the former rule adopted before the act of December, 1892; but we can not construe it, in view of the present law, to mean that the defendant is entitled, as of right, to answer on the day the case is called on the trial docket. Undoubtedly, the court may, by special order, allow an answer to be filed on the call of the case on the trial docket, and it may be equally true that a default judgment can not be taken for the want of an answer

until the case is set on the trial docket, under this rule; but is not this only a mode prescribed by which the benefit of the absence of an answer can be taken advantage of by the opposite party, and not an extension of the time to answer, which is fixed by the statute?"

Other authorities are cited in that opinion which seems to us conclusive.

Judgment reversed and cause remanded for further proceedings consistent herewith.