MISSOURI, K. & T. RY. CO. OF TEXAS v. SMITH.

(Court of Civil Appeals of Texas. Texarkana. Nov. 27, 1913. On Motion for Rehearing Jan. 23, 1914.)

1. REMOVAL OF CAUSES (§ 89*)—FILING PETITION AND BOND—EFFECT.

While a state court can retain no authority over a removable cause by refusing to grant an order removing it to the federal court after a proper petition and bond are presented, the filing of the petition and bond does not oust the jurisdiction of the state court, if the cause is not removable.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 162, 165, 189, 192–195, 197, 200, 201; Dec. Dig. § 89.*]

2. REMOVAL OF CAUSES (§ 11*)—RIGHT TO REMOVAL—DETERMINATION.

For a cause to be removable to a federal court, it must appear from the record to be one of which a federal court can take cognizance when the transfer is made.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 29–31; Dec. Dig. § 11.*]

3. REMOVAL OF CAUSES (§ 74*)—CASES ARISING UNDER LAWS OF UNITED STATES — AMOUNT INVOLVED.

An action for damages to an interstate shipment of cattle was not removable to a United States court, conceding that it arose under the laws of the United States, where the amount involved as shown by the petition was less than $2,000, since the federal court could not assume jurisdiction if removed.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 130, 131; Dec. Dig. § 74.*]

Appeal from Hopkins County Court; F. W. Patterson, Judge.

Action by Edgar Smith against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Reversed.

Dinsmore, McMahan & Dinsmore, of Greenville, and Alex. S. Coke, of Dallas, for appellant. R. R. Williams, of Cumby, and D. Thornton, of Sulphur Springs, for appellee.

HODGES, J. On September 30, 1912, the appellee, Edgar Smith, instituted this suit in the county court of Hopkins county against the appellant to recover the sum of $498 as damages to a shipment of cattle. The petition, in substance, states that the plaintiff resides in Hopkins county, Tex., and that the defendant, the Missouri, Kansas & Texas Railway Company of Texas, is a corporation existing under and by virtue of the laws of the state of Texas, and has a local agent residing in Hopkins county, Tex.; that it is a common carrier, and has a line of railroad running from Winnsboro, Wood county, Tex., to Denison, Grayson county, Tex.; that on or about the 26th day of March, 1912, plaintiff and defendant entered into a contract, by the terms of which the defendant and its connecting carrier agreed to transport the cattle before mentioned from Winnsboro and Cumby, in Texas, to the town of Beggs, in the state of Oklahoma, for which the

plaintiff was to pay the regular freight charges; that, acting under the terms of that contract, plaintiff delivered some of the cattle to the defendant at Winnsboro, Tex., and the remainder at Cumby, Tex.; that the defendant received those cattle for transportation to Beggs, Okl., and at the time issued receipts and a bill of lading therefor; that the defendant and its connecting carrier did transport the cattle to their destination, partly over the defendant's line, and the remainder of the way over the line of the St. Louis & San Francisco Railway Company. It is further alleged that the companies acted as partners or as agents of each other in making said shipment. It is alleged that the cattle were injured by delays in transportation, and by rough handling by both the defendant and its connecting carrier, for which the plaintiff claims damages in the sum of $483. He asked for the further sum of $15 as the expense of employés who accompanied the cattle, making an aggregate demand of $498.

On October 15, 1912, the appellant, defendant in the court below, filed a petition and bond for a removal of the cause to the United States Court for the Eastern District of Texas. The petition alleged, among other things, that the suit was one arising under the laws of the United States. It appears that this was the only ground upon which the application for a removal was based. It further appears from the record before us that the appellant on the same day filed in the trial court an answer to the merits of the case. Upon objection made by the plaintiff in the suit to the legal sufficiency of the petition for removal of the cause to the federal court, the trial court refused the application, and called the case for trial. Counsel for appellant, however, either withdrew or for some cause failed to take any part in the proceedings. The court thereupon proceeded to hear testimony, after which he rendered a judgment in favor of the plaintiff for the sum of $498. The appellant has appealed from the judgment rendered, claiming that, after the filing of the petition and bond for removal of the cause to the federal court, the county court had no further jurisdiction, and had no power to render the judgment entered up in this case. That is the only question presented on this appeal.

[1-3] It is contended that, when the application for a removal was presented, together with a sufficient bond, the trial court had no further discretion as to proceeding with the cause, and was compelled to dismiss it. While it is true a state court preserves no authority over a case by refusing to grant an order removing a removable cause to the federal court after a proper petition and bond are presented, it is also true that it loses no power in such instances, where the case is

not a removable one. "To make a case removable from a state court to a Circuit Court of the United States under the present general statute on the ground that it arises under the Constitution, or laws, or treaty of the United States, it must appear from the plaintiff's statement of his cause of action in his initial pleading—whether called a bill, complaint, declaration or petition—that it does so arise." Moon on Removal of Causes, § 101. In order for a cause of action to be removable, it must appear from the record that the case is one of which a federal court can take cognizance when the transfer is made. The filing of the petition and bond ipso facto operates to oust the jurisdiction of the state court only when the case is one of which the federal court may acquire jurisdiction. In Madisonville Traction Co. v. St. Bernard Mining Co., 196 U. S. 239, 25 Sup. Ct. 251, 49 L. Ed. 462, the court said: "It is well settled that, if, upon the face of the record, including the petition for removal, a suit does not appear to be a removable one, then the state court is not bound to surrender its jurisdiction, and may proceed as if no application for removal had been made." See, also, Minnesota v. Northern Securities Co., 194 U. S. 48, 24 Sup. Ct. 598, 48 L. Ed. 870. Conceding that this suit is a case arising under the laws of the United States, it is shown by the plaintiff's original petition that the amount in controversy is less than $2,000, and for that reason the federal court, to which it is sought to have the case transferred, could not assume jurisdiction. United States v. Sayward, 160 U. S. 493, 16 Sup. Ct. 371, 40 L. Ed. 509; Pitkin v. Bowen (C. C.) 91 Fed. 599. The county court committed no error in proceeding with the trial of the cause, and its judgment is therefore affirmed.

### On Motion for Rehearing.

In disposing of this case in the original opinion, we overlooked the amendment of 1911 to the federal Judiciary Act (Act March 3, 1911, c. 231, 36 Stat. 1087 [U. S. Comp. St. Supp. 1911, p. 129]). Section 24 of the act of 1911, after setting out the different clauses of subject-matter of which the federal district courts have jurisdiction, contains this provision: "That the foregoing provision as to the sum or value of the matter in controversy shall not be construed to apply to any of the cases mentioned in the succeeding paragraphs of this section." The eighth paragraph, conferring jurisdiction, is as follows: "Of all suits and proceedings arising under any law regulating commerce, except those suits and proceedings exclusive jurisdiction of which has been conferred upon the commerce court." That this suit relates to a subject-matter arising under a law regulating commerce there can hardly be any question; and it is also true that it belongs to a class "of which exclusive jurisdiction

has not been conferred upon the commerce court." That being true, the federal court has original jurisdiction, regardless of the amount in controversy. We therefore conclude that we were in error in affirming the judgment of the county court.

The judgment of affirmance will therefore be set aside, and judgment here rendered reversing and remanding the cause.