## BRASHEAR et al. v. LOUISVILLE & N. R. CO.

### COMBS v. SAME.

District Court, E. D. Kentucky. February 6, 1929.

Wootton, Reeves & Wooton, of Hazard, Ky., for plaintiffs.

Ashby M. Warren, of Louisville, Ky. (Morgan & Eversole, of Hazard, Ky., and C. S. Landrum, of Lexington, Ky., of counsel), for defendant.

COCHRAN, District Judge. These actions are before me on plaintiffs' motions to remand and on defendants' special demurrer to the jurisdiction and general demurrer.

The ground of the motions to remand as to both actions is that no petition for removal was filed to the original petition. This position is not sound. No petition for removal could then have been filed. There was no diversity of citizenship, and the actions did not arise under the Constitution and laws of the United States. As construed by the Court of Appeals of Kentucky in the case of Louisville & Nashville R. Co. v. Brashear, 217 Ky. 439, 289 S. W. 1094, the actions were brought to recover damages under section 783, Carroll's Kentucky Statutes (6th Ed.) 1922. It was only until the filing of the amended petitions that the actions became removable. By them recovery is sought to be had for failure and refusal to observe the rules filed by defendant with the Interstate Commerce Commission and regulations made by that body. According thereto the actions arose under the Constitution and laws of the United States. Thereupon they became removable for the first time, and on the filing of the petition and bond were removed to this court. Powers v. Chesapeake & O. Ry. Co., 169 U. S. 92, 18 S. Ct. 264, 42 L. Ed. 673.

It is claimed that the Brashear Case should be remanded, because the amount sought to be recovered by the amended petition is only $1,200. By paragraph 8 of section 24 of the Judicial Code (28 USCA § 41(8) original jurisdiction is conferred on the United States District Court of all suits and proceedings arising under any law regu-

lating interstate commerce. By the proviso at the end of paragraph first of section 24 (28 USCA § 41(1) it is provided that the provision as to the amount in controversy does not apply to cases mentioned in the succeeding paragraphs.

In the case of Missouri, K. & T. R. Co. v. Smith (Tex. Civ. App.) 164 S. W. 885, it was held that an action in a state court which on the face of the plaintiff's pleading arises under a law regulating commerce was removable regardless of the amount in controversy. In the notes to section 28, Judicial Code (28 USCA § 71; 5 Fed. Stat. Anno. p. 67), it is said:

"The Act of January 20, 1914, c. 11, 38 Stat. L. 278, amended the text, Judicial Code, § 28, by adding the last proviso, which requires the jurisdictional amount of $3,000 for removal of certain cases arising under the Interstate Commerce Act. It is a familiar rule in the construction of statutes that a proviso is generally intended to restrain the enacting clause and to except something which would otherwise have been within it. See article, Statutes and Statutory Construction, § 130, vol. 1 of this work, p. 154. Therefore the amendment above mentioned, being in the form of a proviso, may legitimately be regarded as a declaration by Congress that the proviso at the end of Judicial Code, § 24, paragraph first, vol. 4, p. 842, applies to cases of removal under the text Judicial Code, § 28, except as modified by the said proviso added to said section 28."

The motion to remand is overruled.

The special demurrer as to jurisdiction is not as to this court, but as to the jurisdiction of the state court. Where a case is properly removed to this court, it has jurisdiction to determine whether the state court had jurisdiction, and, if it determines that it had not, to dismiss for want of such jurisdiction. The amended petitions do not set forth the rules filed by defendant with the Interstate Commerce Commission or the regulations made by it, which defendant failed and refused to observe, and wherein it failed and refused so to do. I am not advised as to whether this court takes judicial knowledge of such rules or regulations. It may be taken, however, that plaintiffs' claims are that the defendant, by failing to furnish each a car a day, failed to observe such rules and regulations. I am satisfied that there was no rule or regulation requiring the defendant so to do under the circumstances then existing. If not, whether defendant was bound so to do was a matter for the Interstate Commerce Commission, and plaintiffs could not rely on such a failure unless that body had first required defendant so to do. It follows that the state court was without jurisdiction of either case. Freeman v. U. S. (C. C. A.) 4 F.(2d) 13.

The special demurrer is sustained. There is no occasion, therefore, to pass on the general demurrer. There can be no question that it is well taken. Union Pac. Ry. Co. v. Wyler, 158 U. S. 285, 15 S. Ct. 877, 39 L. Ed. 983.