MARKING v. NEW ST. LOUIS & CAL-
HOUN PACKET CO.
No. 507.

District Court, W. D. Kentucky.
Feb. 4, 1943.

Rollin Gibbs and Jones, Keith & Jones, all of Louisville, Ky., for plaintiff.

Leo J. Sandman, of Louisville, Ky., for defendant.

MILLER, District Judge.

This action is before the court on the plaintiff's motion to remand.

The petition, which was filed in the state court, seeks to recover damages from the defendant in the amount of $11,172 for personal injuries alleged to have been sustained by the plaintiff while a passenger on a river steamer owned and operated by the defendant on the Ohio River. The cause of action is based upon the alleged negligence upon the part of the defendant and is one in personam. The defendant's petition to remove to the United States District Court was originally defective in that neither the complaint nor the petition for removal showed any diversity of citizenship. It has now been amended to correct that defect and the parties have agreed that it may be considered on the present motion in its amended form. In addition to showing diversity of citizenship and matter in controversy in excess of $3,000 exclusive of interest and costs it specifically alleges that the cause involves a matter of admiralty and maritime cognizance which lies exclusively within the jurisdiction of the United States District Court.

If this action was one within the exclusive jurisdiction of the Federal Court neither the defendant's petition to remove nor the plaintiff's motion to remand would be well taken, but the court should on its own motion dismiss the action for lack of jurisdiction. If the state court in which an action is filed is without jurisdiction the United States District Court does not acquire jurisdiction over the subject-matter by the removal of the action to the District Court. "The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." Lambert Run Coal Co. v. Baltimore & Ohio R. R. Co., 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671; Venner v. Michigan Central R. R. Co., 271 U.S. 127, 131, 46 S.Ct. 444, 70 L.Ed. 868.

Such an action as the present one is, however, not one exclusively within the

federal jurisdiction. While a proceeding in rem in admiralty is within the jurisdiction of the Federal Court, yet an action in personam for damages occurring on a navigable river is within the concurrent jurisdiction of the state court. Rounds v. Cloverport Foundry & Machine Co., 159 Ky. 414, 167 S.W. 384, Ann.Cas. 1915D, 40; Id., 237 U.S. 303, 35 S.Ct. 596, 59 L.Ed. 966; Red Cross Line v. Atlantic Fruit Co., 264 U.S. 109, 123, 44 S.Ct. 274, 68 L.Ed. 582. The motion therefore presents the usual question of whether or not an action properly filed in the state court and thereafter removed to the United States District Court should be remanded to the state court under the provisions of Sections 71 and 72, Title 28 U.S.C.A.

■ Plaintiff contends that the action should be remanded because the petition for removal was not filed within the time required by the statute. Section 72, Title 28 U.S.C.A. provides that the petition for removal must be filed in the state court "at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff." Section 451.080 of the Kentucky Revised Statutes 1942 provides that "Defense to a civil action shall be filed within twenty days after actual service of the summons in the county where the court sits, or within thirty days after service elsewhere in the state, and the summons shall so state." For many years there has been a rule in the Jefferson Circuit Court where this action was filed to the effect that when the time for filing an answer has expired the plaintiff may place the action upon the call docket by leaving a written memorandum any Monday in the Clerk's office to that effect, following which the action will be called on the succeeding Friday, at which time the defendant is required to plead or a judgment can be taken against him by default. This procedure is constructive notice to all defendants before the court that a motion for a judgment by default will be entertained upon failure of the defendant to plead. The summons was served on the defendant on May 30, 1942. After the expiration of the 20 days required by the statute the plaintiff placed the action on the call docket of June 26, 1942, for an answer. On or about June 25, 1942, the present attorney for the defendant called the plaintiff's attorney on the phone and stated in substance that the arrangements for his representation of the defendant in the case had not been completed and that he would like for the plaintiff's attorney to take no order in the case when it was called on the following day. The plaintiff's attorney so agreed and when the case was called on June 26, 1942, it was dropped from the call docket without any action being taken. June 26, 1942, was the last call day before the summer recess, and the next call day following the summer recess was not until some time in September. On Monday, September 14, 1942, the plaintiff again filed the necessary notice to have the case called on the call docket of Friday September 18, 1942. On September 18, 1942, the defendant filed its petition and bond for removal. The order of removal was thereafter entered by the state court judge. The defendant contends that under the rules of court above referred to, coupled with his telephone conversation with the plaintiff's attorney, the petition for removal was filed in time.

■ It is necessary in removal proceedings that the petition, provided for by the statute, be filed with the state court within the time fixed by statute, unless the time be in some manner waived. The time of filing the petition for removal is not a jurisdictional requirement like the fundamental condition of a controversy between citizens of different states is, but it is a statutory requirement somewhat analogous to venue provisions, noncompliance with which can be objected to by the opposing party. If the opposing party does not seasonably object, and jurisdiction otherwise exists, the delay in removing is waived and the District Court may assume jurisdiction and hear the case. Martin v. Baltimore & Ohio R. R., 151 U.S. 673, 684–688, 14 S.Ct. 533, 38 L.Ed. 311; Powers v. C. & O. Railway, 169 U.S. 92, 98, 18 S.Ct. 264, 42 L.Ed. 673; Southern Pacific Co. v. Stewart, 245 U.S. 359, 363, 38 S.Ct. 130, 62 L.Ed. 345; Lee v. Continental Ins. Co., D.C. E.D.Ky., 292 F. 408. The plaintiff may by his conduct estop himself from claiming that the petition for removal was not filed in time. Bryan v. Barriger, D.C. W.D.Ky., 251 F. 328. The delay in filing may be waived by giving extensions on which court orders are made, LaFlower v. Merrill, D.C. N.D.Cal., 28 F.2d 784; or by the plaintiff amending his pleadings, or by a voluntary dismissal of a party defendant in a case not removable because

of a joinder of defendants. Fritzlen v. Boatmen's Bank, 212 U.S. 364, 29 S.Ct. 366, 53 L.Ed. 551; Great Northern Ry. Co. v. Alexander, 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713; Brashear v. L. & N. R. R. Co., D.C. E.D.Ky., 32 F.2d 373. But when the statutory time for removal has passed, the right to remove cannot be revived except by an express agreement that the default in time was waived. Silverstein v. Pacific Mutual Life Ins. Co., D.C. N.D. N.Y., 16 F.Supp. 315. The fact that the plaintiff, after failure of the defendant to file an answer within the time required, has not taken advantage of his right to take a default judgment, does not operate as an extension of the time for removal. Kansas City, Ft. S. & M. Railroad v. Daughtry, 138 U.S. 298, 11 S.Ct. 306, 34 L.Ed. 963; Kaitel v. Wylie, C.C., 38 F. 865; Davis v. Tillotson, C.C., 48 F. 606.

■ The statutory time for filing an answer in the state court had expired some 2½ months before the petition for removal was filed. Unless the rule of court above referred to extends the time it is clear that the petition for removal came too late. This same question was presented in this same court many years ago in Fidelity Trust & Safety-Vault Co. v. Newport News & M. V. Co., C.C., 70 F. 403, in which it was held that the rule of court above referred to did not operate as an extension of the time to answer, which was fixed by the statute, and that a petition for removal filed after the 20-day period was not filed in time. The reasons given for that ruling appear sound and are accordingly applicable to the present case. In addition, it would seem that the purpose of the call docket was essentially to give notice to all defendants that a motion for default judgment would be made if an answer was not filed. It did not enlarge the statutory period for filing an answer, but merely takes the place of giving actual notice by service. It would seem clear, irrespective of the local rule, that any plaintiff could after the expiration of 20 days following the service of summons give actual notice that on a day specified he would move for judgment unless an answer was filed on or before that time, and that such a motion could be made on a day other than the weekly call day. This ruling has also had the approval of the Court of Appeals of Kentucky in Lilienthal v. Carpenter, Baggott & Co., 148 Ky. 50, 146 S.W. 2. The same reasoning has also been applied

with like results in the following two cases under somewhat similar circumstances: Wayt v. Standard Nitrogen Co., C.C. N.D.Ga., 189 F. 231; Adams v. Puget Sound Traction Light & Power Co., D.C. W.D.Wash, 207 F. 205. I do not construe the telephone conversation between the defendant's attorney and the plaintiff's attorney as any agreement to extend the time for the filing of a petition for removal. It is agreed by both parties that the filing of a petition for removal was not mentioned in the conversation. In my opinion the most that can be gathered from it was that the plaintiff's attorney agreed not to ask for a default judgment when the case was called on June 26, 1942, which would give the defendant a later opportunity to file an answer, but which did not in any way change the fact that the filing of an answer was in default.

The plaintiff's motion to remand the action to the state court is sustained.