## PHILADELPHIA & BOSTON FACE BRICK CO. v. WARFORD et al.

### (Circuit Court, D. Massachusetts. November 5, 1902.)

### No. 1,137.

1. REMOVAL OF CAUSES—SUIT IN DISTRICT OF WHICH NEITHER PARTY IS A RESIDENT—WAIVER OF OBJECTION.

   The entry of a general appearance in the federal court by the plaintiff after a removal, and a delay of a year before making a motion to remand, is a waiver of the right to raise the objection that neither party is a resident of the district where, by reason of their citizenship in different states, the court has constitutional jurisdiction.

### On Motion to Remand to State Court.

The writ in this case issued from the superior court for the county of Suffolk, in the state of Massachusetts, and was returnable on the 5th day of November, 1900. The plaintiff is a corporation organized under the laws of Pennsylvania. The defendants are residents and citizens of New York.

On a petition to transfer the suit to this court, made by the defendants, the case was entered here by them on November 28, 1900. September 5, 1901, the plaintiff filed here a general appearance. Afterwards it filed a motion to amend, to which the defendants consented in writing, but the same was not presented to the court. June 5, 1902, the defendants filed an answer.

October 28, 1902, the plaintiff filed a motion to remand, and presented the same to the court. Thereafter, November 5, 1902, by leave of court granted said October 28, 1902, it filed a substituted motion to remand.

Whipple, Sears & Ogden, for plaintiff.
Carver & Blodgett, for defendants.

PUTNAM, Circuit Judge (orally). I wish to say that I have not been able to find such authority on this question of removal as I had hoped for. The difficulty arises from the fact that, as neither party is a citizen of Massachusetts, the suit could not, under the terms of the jurisdictional statutes, have been brought in this court. Yet, nevertheless, if it had been brought here. Although the citizenship of the parties is not that named by the statute, it is thoroughly well settled that, if all parties had appeared and made no seasonable objection, the court would have jurisdiction, because they are citizens of different states.

In a suit brought by a receiver (Baggs v. Martin, 179 U. S. 206, 21 Sup. Ct. 109, 45 L. Ed. 155) the court says that it would properly have been brought in the state court, but that, inasmuch as a

¶ 1. Waiver of right as to district in which suit may be brought, see note to Memphis Sav. Bank v. Houchens, 52 C. C. A. 192.

Circuit Court had constitutional jurisdiction of a case of that character, and the parties had not objected, it could retain jurisdiction. Does that decision apply to a removal suit? I lean to the conclusion that, inasmuch as these parties are citizens of different states, and both appeared generally in this court, we have jurisdiction, and should not remand; in that respect following out the analogies of like suits originally brought here and Baggs v. Martin.

A decision which bears quite directly on the question is by the Circuit Court of Appeals for the Sixth Circuit (Guaranty Company v. Mechanics' Savings Bank, 26 C. C. A. 146, 80 Fed. 766, 771). There were several defendants, and the suit was removed by one of them. The court found that there was no separable controversy, but that inasmuch as the Circuit Court had constitutional jurisdiction between the parties, and they had gone to trial without objection, it properly retained the case.

Here the defendants removed this case, and the plaintiff appeared generally nearly a year ago, and made a motion to amend, all without reserving, or even suggesting, any question of jurisdiction. After so long a delay, I think both parties have waived the right to remand.

On the other hand, the Supreme Court has held that the right to remove to the Circuit Court depends on the case as it appeared to the state court, and that if, on the record made in the latter court, there was no fundamental right to remove, it should retain jurisdiction. Nevertheless, under the circumstances, I cannot do otherwise than hold both parties could waive, and have waived, the right to remand to the state court.

The motion to remand is overruled.