WHITE v. CHASE et al.

(Circuit Court of Appeals, Eighth Circuit. November 11, 1912.)

No. 3,782.

1. APPEAL AND ERROR (§ 846*)—PRESENTING QUESTIONS IN LOWER COURT—NECESSITY.

The Circuit Court of Appeals being without jurisdiction in an action at law to try the case de novo, and being authorized to review only errors of law, where no request was made of the court at the close of trial by plaintiff for a finding or judgment in this favor or for any findings of law or fact whatever, the Circuit Court of Appeals can review nothing except a ruling on a motion to remove the cause to the state court made after a general finding for the defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3347–3362; Dec. Dig. § 846.*]

2. COURTS (§ 309*)—JURISDICTION—DIVERSITY OF CITIZENSHIP—NOMINAL PARTIES.

In an action of ejectment a defendant in possession of the premises not as tenant or lessee, but merely as caretaker for the other defendant, was merely a nominal party, whose citizenship did not affect the question of jurisdiction of the federal court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 857; Dec. Dig. § 309.*

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. REMOVAL OF CAUSES (§ 86*)—PROCEEDINGS—WAIVER OF OBJECTIONS.
   Imperfections in a petition for removal of a cause to the federal court which are formal and modal only are waived where no objection has been made to them.
   [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 132, 166–179; Dec. Dig. § 86.*]

In Error to the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Action by C. W. White against John B. Chase and another. Judgment for defendants, and plaintiff brings error. Affirmed.

Allen & Webster, of Denver, Colo., for plaintiff in error.

Edwin Van Cise, Frank L. Grant, and Philip S. Van Cise, all of Denver, Colo., for defendants in error.

Before SANBORN and CARLAND, Circuit Judges, and WM. H. MUNGER, District Judge.

WM. H. MUNGER, District Judge. This was an action of ejectment brought by plaintiff in error against defendants in error in the district court of Sedgwick county, Colo., to recover possession of certain described real estate, for damages, etc. The defendant Chase was served with process, and answered therein, among other things disclaiming all interest in the described premises. The defendant Harriet A. Fowler, being a nonresident, was not served with process, but subsequently entered her appearance and filed a petition for removal of the action into the Circuit Court of the United States, on the ground that the controversy was wholly one between plaintiff, a citizen and resident of Colorado, and herself, a citizen and resident of the state of Illinois; that the defendant Chase had no interest whatever in said property, and that he had filed his answer disclaiming any interest therein; that the controversy was wholly between plaintiff and the defendant Harriet A. Fowler. The state court granted the order of removal, a transcript of the record was duly filed in said Circuit Court, and defendant Fowler filed her answer therein, alleging her ownership of the premises in question. Plaintiff in no manner challenged the jurisdiction of the federal court, but filed a replication to the answer of Harriet A. Fowler, and upon issues thus joined between the plaintiff and the defendant Harriet A. Fowler testimony was taken, a jury waived in writing, and the cause tried to the court. At the close of the evidence the court made a general finding for the defendant. Thereafter plaintiff filed his motion for a rehearing, subsequently withdrew the motion for a rehearing, and filed a motion to remand the cause to the state court, giving as reason therefor that it appeared "from the answer of the defendant John B. Chase, and from the evidence introduced upon the trial of said cause, that said John B. Chase was not a nominal defendant in said cause, but in the possession of the premises sought to be recovered, and in the actual physical control of the same, and that the plaintiff and said defendant John B. Chase are not residents and citizens of different states so as to give jurisdiction to this court on the ground of diverse citizenship, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for the further reason that there exists no other cause for the removal of said cause from the state court to this court or for the jurisdiction of this court attaching in said cause." The motion was overruled, and judgment entered for defendants. Plaintiff brings the case here on error, assigning as the first ground that the court erred in overruling the motion to remand the case to the state court, "for the reason that the defendant John B. Chase is affirmatively shown to be a citizen and resident of the state of Colorado, of which the plaintiff is a citizen and resident, and that both of the same were such citizens and residents at the time this action was commenced, and because it appeared upon the trial of said cause and by the evidence introduced therein for and on behalf of the defendants that the said John B. Chase was a necessary party and not a nominal party, as alleged and set forth in the application to remove said cause from the state to the federal court." Other assignments of error relate to the finding and judgment of the court, all to the effect that such finding and judgment of the court that the premises in question belong to the defendant Harriet A. Fowler, and not to the plaintiff, and that the statute of limitations had been tolled was erroneous.

[1] No request was made of the court at the close of the trial by plaintiff for a finding or judgment in his favor, or for any findings of law or fact whatever. As this court in an action at law is without jurisdiction to try the case de novo, and can only review errors of law, there is nothing in the assignments of error which we can review, excepting the ruling upon the motion to remand. Nat. Surety Co. v. United States, for the Use, etc. (C. C. A.) 200 Fed. 142, and Seep v. Ferris-Haggarty Copper Mining Co., 201 Fed. 893 (both decided at this term), and cases therein cited.

[2] From the record it clearly appears that the defendant Chase had no interest whatever in the premises in question. He was not a tenant or lessee, but merely in the custody of the premises as caretaker for defendant Fowler. He clearly was merely a nominal party to the action, the same as would be, in a similar action of ejectment, the housemaid left in charge of premises during a temporary absence of the real and actual defendant. So that it clearly appears from the record that the controversy was wholly and solely between the plaintiff and defendant Fowler, who were citizens and residents of different states. The federal court, therefore, had jurisdiction both of the subject-matter and of the parties.

[3] There appear some imperfections in the petition for removal. No objection, however, has been made with respect thereto, and these, being formal and modal only, were waived. Guarantee Co. of North Dakota v. Hanway, 104 Fed. 369, 44 C. C. A. 312, and cases therein cited.

The judgment is affirmed.