### CHICAGO, R. I. & P. RY. CO. v. STATE OF NEBRASKA.

(Circuit Court of Appeals, Eighth Circuit.    April 17, 1918.)

#### No. 4987.

1. REMOVAL OF CAUSES ⬉41—JURISDICTION OF FEDERAL COURTS—SUIT BY STATE—"CITIZEN."

 A state is not a "citizen," and a federal court does not acquire jurisdiction by removal of a suit by a state on the ground of diversity of citizenship.

 [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Citizen.]

2. APPEAL AND ERROR ⬉185(1) —JURISDICTION OF FEDERAL COURTS—DUTY TO DETERMINE.

 On every writ of error or appeal in the federal courts, the first and fundamental question is that of jurisdiction, of which the court itself must take notice, as well the jurisdiction of the court below as its own.

In Error to the District Court of the United States for the District of Nebraska; Thomas C. Munger, Judge.

Action at law by the State of Nebraska against the Chicago, Rock Island & Pacific Railway Company. Judgment for the State, and defendant brings error. Reversed.

E. P. Holmes, of Lincoln, Neb. (Guy C. Chambers, of Lincoln, Neb., on the brief), for plaintiff in error.

Willis E. Reed, Atty. Gen. (George W. Ayres, Sp. Asst. Atty. Gen., on the brief), for the State of Nebraska.

Before SANBORN, Circuit Judge, and TRIEBER and YOUMANS, District Judges.

YOUMANS, District Judge. This suit was originally instituted in the district court of Lancaster county, state of Nebraska. Upon mo-

------

tion of plaintiff in error it was removed to the District Court of the United States for Nebraska, Lincoln Division. In the last-named court a jury was waived and the cause was submitted to the court upon the pleadings and an agreed statement of facts. The state recovered judgment. The railway company sued out a writ of error to this court.

[1] The question of jurisdiction was not raised in the court below. There was no motion by the state to remand the case to the state court. The suit was for certain taxes imposed under the laws of Nebraska. A state is not a citizen. Stone v. South Carolina, 117 U. S. 430, 6 Sup. Ct. 799, 29 L. Ed. 962; Postal Telegraph Cable Co. v. Alabama, 155 U. S. 482, 15 Sup. Ct. 192, 39 L. Ed. 231; Arkansas v. Kansas & Texas Coal Co., 183 U. S. 185, 22 Sup. Ct. 47, 46 L. Ed. 144; Title Guaranty Co. v. Allen, 240 U. S. 136, 140, 36 Sup. Ct. 345, 60 L. Ed. 566. Therefore the court below did not have jurisdiction by virtue of diversity of citizenship. The cause of action stated in the complaint did not arise under the Constitution, laws, or treaties of the United States. Therefore there could be no jurisdiction on that ground.

[2] The consent of the parties could not confer jurisdiction. Chicago, Burlington & Quincy Railway Co. v. Willard, 220 U. S. 413, 31 Sup. Ct. 460, 55 L. Ed. 521. In the case of M., C. & L. N. Railway Company v. Swan, 111 U. S. 379, 382, 4 Sup. Ct. 510, 511 (28 L. Ed. 462), Mr. Justice Matthews, speaking for the court, said:

"On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it."

It thus appears that this court cannot disregard the fact of the want of jurisdiction.

The cause is reversed and remanded, with instructions to the District Court to remand it to the state court.