## FIENUP v. KLEINMAN et al.

(Circuit Court of Appeals, Eighth Circuit. March 30, 1925.)

No. 6563.

1. **Removal of causes ⬤⟝107(1)—Objection to jurisdiction of federal court held waived by general appearance, applying for affirmative relief, and delay.**

Objection to jurisdiction of federal court, based on diversity of citizenship, under Comp. St. § 1010, was waived, where plaintiff entered general appearance, procured injunction against delivery of sheriff's deed in defendant's foreclosure action, and waited eight months after removal before moving to remand case to state court.

2. **Removal of causes ⬤⟝31—Suit to redeem from sale under foreclosure decree held controversy between citizens of different states, and sheriff not indispensable party.**

Where controversy in suit to redeem from sheriff's sale under foreclosure decree was entirely between mortgagor and assignee of mortgage, who was citizen of another state, except that plaintiff sought to restrain sheriff from delivering sheriff's deed pending final determination, sheriff was not indispensable party, and controversy was entirely between citizens of different states, within Comp. St. § 1010.

3. **Removal of causes ⬤⟝31 — Indispensable parties only considered in determining right to removal to federal court.**

In determining jurisdiction of federal courts, and right to remove causes from state to federal court for diversity of citizenship, under Comp. St. § 1010, indispensable parties only should be considered.

4. **Removal of causes ⬤⟝31—"Indispensable party" defined.**

"Indispensable party" is one having such interest in subject-matter of controversy that final decree cannot be rendered between oth-

er parties without radically and injuriously affecting his interest, or without leaving controversy in such situation that its final determination may be inconsistent with equity and good conscience.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Indispensable Party.]

**5. Appeal and error ⬅➡760(2)—Brief challenging findings and conclusions of master and court should cite pages of record on which evidence can be found.**

Under rule 24 of the Circuit Court of Appeals brief, challenging findings and conclusions of master and court, should have cited pages of record on which evidence relating thereto could be found.

**6. Appeal and error ⬅➡1019—Conclusions of master on conflicting testimony not set aside or modified, unless error clearly appears.**

Conclusions of master on conflicting testimony have every reasonable presumption in their favor, and are not to be set aside or modified unless error clearly appears.

**7. Appeal and error ⬅➡931(1), 1011(1) — Court's findings and decree on conflicting evidence not disturbed, except for obvious error in law or consideration of evidence.**

Court's findings and decree on conflicting evidence are presumptively correct, and in absence of obvious error in application of law or consideration of evidence, decree should be permitted to stand.

Appeal from the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

Suit by Gustav Fienup against A. D. Kleinman and another. From the decree rendered, plaintiff appeals. Affirmed.

W. L. Bohnenkamp, of St. Louis, Mo. (George Williams and Oliver Sweet, both of Rapid City, S. D., W. G. Rice, of Deadwood, S. D., and James T. Roberts, of St. Louis, Mo., on the brief), for appellant.

E. W. Fiske, of Sioux Falls, S. D. (Buell, Denu & Philip, of Rapid City, S. D., on the brief), for appellees.

Before SANBORN, Circuit Judge, and TRIEBER and PHILLIPS, District Judges.

SANBORN, Circuit Judge. This is an appeal from a decree for the defendant Kleinman in a suit by Gustav Fienup to redeem 2,080 acres of his land from a sheriff's sale thereof made on July 15, 1918, under a decree of foreclosure of a mortgage of $17,-000 on this land made on December 1, 1914. He gave this mortgage to Elizabeth Dredge, who on May 26, 1915, assigned it to the defendant Kleinman, who brought a suit against Fienup for the foreclosure of it, and on April 6, 1918, obtained a decree that Fienup was indebted to him upon the debt secured by that mortgage in the sum of $21,-207.69, and that the land should be sold under the mortgage to satisfy this debt. Under the statutes of South Dakota, where this land is situated, Fienup had the right to redeem from this forclosure sale, made on July 15, 1918, on or before July 15, 1919, but not later, and, if no such redemption was made, it was the duty of the sheriff to make and deliver his sheriff's deed of the land to the purchaser at his sale immediately after the expiration of the year of redemption.

On July 10, 1919, five days before the expiration of the year of redemption, Fienup brought this suit against Kleinman and Clyde M. Cessna, the sheriff who made the sale. He alleged in his complaint that Kleinman caused a receiver to be appointed and to take possession of 840 acres of the 2,080 acres of this land on April 6, 1918, and that the rents and profits of which he was thereby deprived and the damages resulting to the land therefrom amounted to about $4,000. He alleged that, under a void sheriff's certificate of foreclosure sale under a prior mortgage on 1,240 acres of the 2,080 acres, Kleinman had taken possession of the 1,240 acres, and thereby had become liable to him for rents and profits to the amount of $6,200 and $1,815 damages. He alleged that Kleinman had wrongfully caused him to incur fees for attorneys to the amount of $1,500, and that these rents, profits, damages, and this $1,500 for attorney's fees, aggregating about $14,000, ought to be set off against his indebtedness to Kleinman, and that he ought to be permitted to redeem from the foreclosure sale of the 2,080 acres under the $17,-000 mortgage by paying the difference between this $14,000 and the amount of the purchase price of the land at the sheriff's sale. He prayed for an accounting between himself and Kleinman, and that, until the accounting could be had and this difference could be ascertained, Cessna, the sheriff, should be enjoined from executing or delivering his sheriff's deed under his sale of July 15, 1918, under the $17,000 mortgage.

The defendant Kleinman by his answer denied his liability to Fienup on account of the matters set forth in the complaint. The case went to final hearing, at which all the issues were submitted to, heard, and adjudged by the court below. Its decree was to the effect that Fienup, on the accounting he prayed for and obtained, was entitled to recover of Kleinman $3,746.11; that this amount should be and was set off, applied, and credited against Kleinman upon the de-

ficiency on the judgment in the circuit court of Pennington county, S. D., upon the debt secured by the $17,000 mortgage, which deficiency judgment was in favor of Kleinman and against Fienup for $5,459.88, leaving a balance still due under that judgment from Fienup to·Kleinman of $1,713.77; and that in all other things set forth in the complaint of Fienup he was entitled to no relief, and regarding those things his suit should be dismissed, and the title to the 2,080 acres should be and it was quieted in Kleinman.

[1] The first and chief objection made to the decree of the court below is that the federal court had no jurisdiction of this case, and that it erred in that it denied the plaintiff's motion to remand it to the state court. A careful examination of the record, however, discloses the fact that, if Fienup ever had the right or privilege to return this case to the state court, he had waived it long before he made his motion to remand. This suit was commenced in the circuit court for the county of Pennington, S. D., on July 10, 1919. Mr. Fienup, the plaintiff, and the defendant Cessna, the sheriff, were citizens and residents of the state of South Dakota, while the defendant Kleinman was a citizen and resident of the state of Minnesota. On August 9, 1919, the defendant Kleinman presented to the state court, on notice to the plaintiff, his petition and·bond for a removal of this case to the federal court below, under section 1010, Compiled Statutes, on the ground that there was a controversy in this case which was wholly between himself and Mr. Fienup, citizens of different states, and which could be fully determined between them. On August 9, 1919, the state court accepted his bond and ordered the case removed to the federal court below. The defendant Cessna answered the complaint of the plaintiff on August 16, 1919, and the defendant Kleinman answered it on September 9, 1919.

On November 25, 1919, Fienup applied to and obtained from the federal court below an order on the defendants Kleinman and Cessna to show cause on December 19, 1919, why Kleinman should not be enjoined from applying to Cessna, as sheriff, for, and Cessna should not be enjoined from delivering to Kleinman, the sheriff's deed to which the latter was entitled on the foreclosure sale of July 15, 1918. On December 19, 1919, upon the return of this order to show cause Fienup secured from the federal court below an injunction against the application by Kleinman for and the delivery by Cessna to him of such sheriff's deed, on condition that

Fienup within ten days should give bond in the sum of $15,000 to pay certain possible costs, damages, and other amounts that might be due Kleinman on account of his foreclosure judgment in the state court in case the court below ultimately should permit Fienup to redeem therefrom. It was not until after the plaintiff had procured this injunction from the federal court below, nor until more than eight months after the order of removal of this case to that court was made, and on April 24, 1920, that Mr. Fienup made his motion to remand this case to the state court. Never prior to that day had he made any objection to the jurisdiction of the federal court below; never had he made any special appearance therein. Meanwhile he had applied to that court for and obtained from it an order for an injunction. That application was a general appearance by him in that court, and an invocation of the exercise by that court of its general jurisdiction on his behalf, and with his long delay constituted a complete waiver of his right or privilege, if he ever had any, to a remand of this case to the state court and· conclusively estopped him from obtaining such relief. 1 Foster Federal Practice (5th Ed.) p. 195, § 61; In re Moore, 209 U. S. 490, 496, 28 S. Ct. 585, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164; Corwin Mfg. Co. v. Henrici Washer Co. (C. C.) 151 F. 938; Philadelphia & Boston Face Brick Co. v. Warford (C. C.) 123 F. 843.

[2] Nor would the plaintiff have been entitled to such a remand if he had presented his motion for it in a manner and at a time when he could have invoked a decision upon its merits. The act of Congress provides that "when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district" (Compiled Statutes, § 1010). The controversy in this suit was whether upon any terms the plaintiff at the time he filed his complaint was entitled to redeem the 2,080 acres of land from the sheriff's sale of it under the $17,000 mortgage, and, if he was so entitled, upon what terms a court of equity ought to permit him to make the redemption. He claimed and pleaded that he had the right to make the redemption by paying about $14,000 less than the amount for which the land was sold at the sheriff's sale of July 15, 1918. The remov-

ability of this case resolves itself, therefore, into the simple question whether or not the controversy over the plaintiff's claim of his right to redeem and the terms of that redemption exist wholly between the complainant, Fienup, the citizen of South Dakota, and the defendant Kleinman, the citizen of Minnesota, and can be fully determined as between them without danger of loss or injury to the defendant Cessna, the sheriff.

An examination of the complaint and the petition for removal discloses the fact that all the acts and omissions on account of which Mr. Fienup seeks any relief in this suit are the acts and neglects of the defendant Kleinman, and that all the relief he prays for is against him with the single exception that he asks that Mr. Cessna, the sheriff, be restrained from delivering his sheriff's deed under the sale of July 15, 1918, until the final determination of this suit. There was no averment or claim in the complaint that the defendant Cessna either had or claimed any right, title or interest in the property in controversy or in the controversy itself. Cessna was the officer upon whom, under the statutes of South Dakota, the duty was imposed under certain circumstances to make his sheriff's deed, the duty to perform a mere administrative act like the discharge by the clerk of a court of the duty to file a complaint, and there can be no doubt that all the controversy there was in this case was wholly between citizens of different states, and that it could be and has been fully determined as between them without any actual or possible injury to Mr. Cessna.

[3] Cessna was not an indispensable party to this suit; all the rights and claims of the plaintiff could have been protected and adjudicated without his presence and without affecting him, and an injunction against the acceptance and receipt of the sheriff's deed in controversy by Kleinman, or any of his agents or representatives, would have been as effectual as an injunction against the making and delivering of that deed by Cessna, the sheriff. In a determination of the jurisdiction of the federal courts and the right to remove causes of action to them, indispensable parties only should be considered, because all other parties may be dismissed and disregarded, if their presence would oust or restrict the right. Boatmen's Bank v. Fritzlen, 135 F. 650, 658, 68 C. C. A. 288, and cases there cited; Geer v. Mathieson Alkali Works, 190 U. S. 428, 432, 23 S. Ct. 807, 47 L. Ed. 1122.

[4] An indispensable party is one who has such an interest in the subject-matter of the controversy that a final decree cannot be rendered between the other parties to the suit, without radically and injuriously affecting his interest, or without leaving the controversy in such a situation that its final determination may be inconsistent with equity and good conscience. Rogers v. Penobscot Mining Co., 154 F. 606, 610, 83 C. C. A. 380; Bacon v. Rives, 106 U. S. 99, 104, 1 S. Ct. 3, 27 L. Ed. 69; Wormley v. Wormley, 8 Wheat. 421, 451, 5 L. Ed. 651; Sioux City Terminal R. & W. Co. v. Trust Co. of No. Am., 82 F. 124, 126, 27 C. C. A. 73. There was no error in the denial of the motion to remand.

[5] The court below granted to the plaintiff, Fienup, the accounting for which he prayed, appointed a master, who heard the witnesses, received and reported all the evidence to the court, and made findings of the facts relevant to the plaintiff's various claims for allowances and offsets against his indebtedness to the defendant Kleinman. The court below considered and adopted those findings and rendered its decree based upon them. In their brief counsel for the appellant write seven objections, which they call exceptions to the findings and conclusions of the master and the court, which practically rest on the claim that the evidence in the case did not warrant some of those findings and conclusions. Rule 66 in equity provides that if no exceptions are filed by either party within 20 days from the filing of the master's report that report shall stand confirmed, and that, if exceptions are filed, they shall stand for hearing before the court. The record discloses the fact that the master filed his report on December 13, 1920, that the defendant Kleinman filed exceptions to it on January 3, 1921, that the master filed his findings of fact on October 19, 1921, and that on May 16, 1922, the court below confirmed those findings and adopted them as its own. But the record discloses no exceptions by Mr. Fienup or his attorneys to any part of the report of the master, or to any of his findings of fact.

Rule 24 of this court requires the appellant to file with the clerk of this court a printed brief, specifying in what the decree is alleged to be erroneous, and, "when the error alleged is to a ruling upon the report of a master, the specification shall state the exception to the report." That rule also requires the brief to contain, not only a clear statement of the points of law and fact to be discussed, but "a reference to the pages of the record and the authorities relied upon in support of each point," and this court has

repeatedly warned counsel that, when they consider the errors they assert too trivial to warrant them in finding and citing the pages of the record which present them, this court will· not deem them of sufficient importance to require it to search for them. Hoge et al. v. Magnes, 85 F. 355, 358, 29 C. C. A. 564; Lexington Mill & Elevator Co. v. United States, 202 F. 615, 624, 121 C. C. A. 23; Thompkins v. Missouri, K. & T. Ry. Co., 211 F. 391, 397, 128 C. C. A. 1, 52 L. R. A. (N. S.) 791. That portion of the brief of counsel for the plaintiff, Fienup, which calls to our attention what they style exceptions in their brief, that portion whereby they challenge the findings and conclusions of the master and the court, does not cite a single page of the record on which the evidence relative to any of the matters there referred to may be found. The court, however, has not failed out of an abundance of caution to consider and compare the evidence in this case with the findings of the master and the court and their conclusions, with the assistance of the brief of counsel for the defendant Kleinman, which gives many references to the pages in the record where the matters in dispute are referred to.

[6, 7] The rules under which this evidence must be considered are that the conclusions of the master, depending upon the weighing of conflicting testimony, have every reasonable presumption in their favor, and are not to be set aside or modified unless there clearly appears to have been error or mistake on his part (Tilghman v. Proctor, 125 U. S. 136, 149, 8 S. Ct. 894, 31 L. Ed. 664), and, when the court has considered conflicting evidence, and made its findings and decree thereon, they must be taken to be presumptively correct, and, unless an obvious error has intervened in the application of the law, or some serious mistake has been made in the consideration of the evidence, the decree should be permitted to stand (Warren v. Burt, 58 F. 101, 106, 7 C. C. A. 105; Stuart v. Hayden, 72 F. 402, 408, 18 C. C. A. 618, [169 U. S. 1, 14, 18 S. Ct. 274, 42 L. Ed. 639]). And our conclusion is that no such error or mistake has been made in this case, and that the decree below should be affirmed.·

It is so ordered.

TRIEBER, District Judge. I concur in the result, and everything that is said in the opinion of Circuit Judge SANBORN, except that part of it which states that the plaintiff, by entering a general appearance and pleading to the merits in the federal court after the removal, but before filing a motion to remand, waived his right to have the cause remanded.

The petition for removal is based upon diversity of citizenship between the plaintiff and the defendant Kleinman. The plaintiff in his action joined as a defendant Clyde M. Cessna, the sheriff, to enjoin him from executing a deed to the premises sold by him to Kleinman under a foreclosure in pursuance of a decree of the state court. As the defendant Cessna and the plaintiff were both citizens of the state of South Dakota, plaintiff, after having entered a general appearance and taken some action in the federal court, filed a motion to remand the cause upon that ground, which was by the court denied.

The opinion sustains the order denying the petition to remand upon two grounds: First, that he was estopped by reason of having entered his general appearance and had asked for affirmative relief, prior to the filing of the motion to remand; and also upon the ground that the sheriff was not an indispensable party, therefore the cause was separable, and the defendant Kleinman, a citizen of a state. other than that of the plaintiff, and a nonresident of the state of South Dakota, of which state the plaintiff was a citizen, the cause was removable.

I concur in the opinion based on the last ground, but not the first. In my opinion there can be no removal from a state to a· federal court of a cause of action in which one of the defendants is a citizen of the same state as the plaintiff, and that can neither be waived, nor can the court retain jurisdiction, even by consent of parties. M., C. & L. M. Ry. Co. v. Swan, 111 U. S. 379, 382, 4 S. Ct. 510, 28 L. Ed. 462; Chicago, Burlington & Quincy Ry. v. Willard, 220 ·U. S. 413, 31 S. Ct. 460, 55 L. Ed. 521; Minnesota v. Northern Securities Co., 194 U. S. 48, 24 S. Ct. 598, 48 L. Ed. 870; Chicago, R. I. & Pac: Ry. Co. v. Nebraska, 251 F. 279, 163 C. C. A. 435.

The authorities cited in the majority opinion do not apply to actions in which the jurisdiction of the court as a federal court was involved, and in this cause the jurisdiction of the court below was invoked solely upon the ground of diversity of citizenship. They only refer to actions affecting the venue. A person sued in a District Court of the United States, or an action removed to it from a state court, when neither party to the action was a citizen of and a resident of the federal judicial district to which the cause was removed, but there was a diversity of citizenship, the entry of a general

appearance, or the filing of any pleading other than a motion to remand, is a waiver, and would prevent a cause being remanded.

In Ex parte Wisner, 203 U. S. 449, 27 S. Ct. 150, 51 L. Ed. 264, it had been held that a cause instituted in a state court could not be removed to a federal court, although there was a diversity of citizenship, and the Chief Justice, who delivered the opinion of the court, went even further, and held that it was jurisdictional, and could not be waived. That part of the opinion which held that it could not be waived was expressly overruled in Western Loan & Savings Co. v. Butte & Boston Con. Mining Co., 210 U. S. 368, 28 S. Ct. 720, 52 L. Ed. 1101, and in effect In re Moore, 209 U. S. 490, 28 S. Ct. 706, 52 L. Ed. 904, 14 Ann. Cas. 1164, the court holding that the right to remove a cause pending in a state court in a district in which neither party resided, if there was the necessary diversity of citizenship was a mere privilege and could be waived, and was waived by entering a general appearance, or doing some affirmative act prior to the motion to remand, as this only affected the venue and not the jurisdiction of the parties. This has been followed ever since.

In Lee v. Chesapeake & Ohio Ry. Co., 260 U. S. 653, 43 S. Ct. 230, 67 L. Ed. 443, the Wisner Case is entirely overruled. In General Investment Co. v. Lake Shore Ry., 260 U. S. 261, 43 S. Ct. 106, 67 L. Ed. 244, the Wisner Case in effect was overruled, although the court did not so state, as it did in Lee v. Chesapeake & Ohio Ry., supra. But in the General Investment Co. Case the court made clear the distinction between the jurisdictional question and a mere privilege. It was there held:

"This restriction [referring to section 51, Judicial Code], as repeatedly has been held, does not affect the general jurisdiction of a District Court over a particular cause, but merely establishes a personal privilege of the defendant, which he may insist on, or may waive, at his election, and does waive, where suit is brought in a district other than the one specified, if he enters an appearance without claiming his privilege. Central Trust Co. v. McGeorge, 151 U. S. 129; Interior Construction Co. v. Gibney, 160 U. S. 217; In re Moore, 209 U. S. 490, 501; United States v. Hvoslef, 237 U. S. 1, 12; Camp v. Gress, 250 U. S. 308, 311.

"It therefore cannot be affirmed broadly that this suit could not have been brought against the New York Central Company in the District Court for the Northern District of Ohio, but only that it could not have been brought and maintained in that court over a seasonable objection by the company to being sued there. And the inability of the court to proceed with the cause in the presence of such an objection would not have resulted from any want of power to entertain and determine such a suit between such parties, if they were before it, but only because the company declined to yield the necessary jurisdiction of its person. Macon Grocery Co. v. Atlantic Coast Line R. R. Co., 215 U. S. 501, 503, 508."

The statement in the majority opinion on the question of waiver is misleading, and, in view of the fact that the sheriff was not an indispensable party, the defendant Kleinman had a right to remove the cause from the state to the federal court, and upon that ground the refusal to remand the cause should alone be affirmed. In addition to the authorities cited in the opinion, that the sheriff was not an indispensable party, see Salem v. Manufacturers Co., 264 U. S. 182, 44 S. Ct. 266, 68 L. Ed. 628, 31 A. L. R. 867, the latest authority on that subject.