**NOETHE et al. v. MANN et al.**

District Court, D. Minnesota, Second Division. July 9, 1928.

**1. Removal of causes ⊂⊃106—Plaintiffs may lose right to remand of cause to state court, because of matters not involving federal court's jurisdiction, by waiver, acquiescence, or consent.**

Where federal court would have jurisdiction of cause, commenced in state court and improperly removed to federal court, plaintiffs may lose right to remand, because of matters not involving federal court's jurisdiction, by waiver, acquiescence, or consent.

**2. Removal of causes ⊂⊃106—Only conduct estopping party to deny consent to removal of cause prevents remand to state court in absence of express waiver or consent.**

Where there is no express waiver of right to remand a cause to state court, or consent to submit to federal court's jurisdiction, only such conduct of those seeking remand as might reasonably be said to estop them to deny their consent to removal, as in doing or enjoying something which would make it inequitable or unfair to permit them to assert such right, would prevent remand.

**3. Removal of causes ⊂⊃107(1)—Party improperly removing case to federal court cannot complain of remand, because of mere delay in moving therefor, without showing of prejudice therefrom.**

Where no injury will be done to any one, federal court has been asked for no relief, no actual consent to its jurisdiction has been obtained, and there has been nothing but mere delay in moving for remand of cause to state court, without showing of prejudice therefrom, party improperly removing case to federal court cannot complain of remand.

**4. Removal of causes ⊂⊃102—Plaintiff, not trying in federal court case improperly removed from state court, held entitled to remand.**

Plaintiff, not trying in federal court case improperly removed from state court on ground of diversity of citizenship after issuance of attachment, *held* entitled to remand to state court.

At Law. Action by A. H. Noethe and another against W. F. Mann and others. On plaintiffs' motion to remand the cause to the state court. Motion granted.

Chas. Dealy, of Pipestone, Minn., and Fred. H. Free, of Sioux City, Iowa, for plaintiffs.

Hall & Gislason, of Marshall, Minn., Frank L. Brady, of Lake Benton, Minn., and Brown, Somsen & Sawyer, of Winona, Minn., for defendant Walter L. Mann.

JOHN B. SANBORN, District Judge. It appears that there is diversity of citizenship between the plaintiffs and all of the defendants, and that more than $3,000 is involved, but that the defendants did not join in the petition for removal, and that some of them are residents of the state of Minnesota; that the case was therefore improperly removed to this court; that at the time of its removal there was an attachment issued out of the state court; that this attachment was continued in effect after removal, and, with the consent of all parties, the sheriff of Lincoln county, who levied the attachment, sold some of the attached property; that the defendants noticed the case for trial at the June term of this court in the Second division; that the plaintiffs admitted due service of the notice of trial; that the case was not tried and is still pending; that on June 12, 1928, the plaintiffs informed the defendant Walter L. Mann that a motion to remand would be made, and it was agreed that no laches would be claimed for delay in making such motion after that date.

The case was removed on or about October 22, 1927, and the motion must be treated as having been made June 12, 1928. The sole question presented is whether the motion comes too late—in other words, whether the plaintiffs, by their conduct or neglect, must be held to have consented and acquiesced to a trial of the cause by this court.

[1] The general rule seems to be that, where a federal court would have jurisdiction of a cause which has been commenced in a state court and improperly removed to the federal court, the plaintiffs may, by waiver, acquiescence, or consent, lose the right to have the case remanded because of matters not involving the jurisdiction of the federal court. Handley-Mack Co. v. Godchaux Sugar Co. (C. C. A.) 2 F.(2d) 435; Guarantee Co. v. Hanway (C. C. A.) 104 F. 369; White v. Chase (C. C. A.) 201 F. 896; Toledo, St. L. & W. R. Co. v. Perenchio (C. C. A.) 205 F. 472; Fienup v. Kleinman (C. C. A.) 5 F.

(2d) 137. No general appearance was made by the plaintiffs in this court, unless it could be held that the admission of due service of the notice of trial constituted such an appearance.

[2] While the language in some of the cases dealing with the subject appears broad enough to permit this court to retain jurisdiction of this case because of the delay of the plaintiffs in moving to remand; a careful consideration of them in connection with their facts leads me to the conclusion that, where there is no express waiver or consent to submit to the jurisdiction of the federal court, it is only such conduct, on the part of those seeking the remand, as might reasonably be said to estop them from denying that they had consented, which would prevent a remand. They must ordinarily have done something or enjoyed something which would make it inequitable or unfair to permit them to assert their right to a remand of the cause. In many of the cases, trials were had and judgments entered; in others, some form of equitable relief had been obtained; in still others, the remand of the cause at the time of the motion would have put those who had removed it in a worse position than they would have been in, had a prompt remand been asked.

[3] Where no injury will be done to any one, where the federal court has been asked for no relief, where no actual consent to its jurisdiction has been obtained, and where there has been nothing but mere delay, without any showing of prejudice resulting therefrom, I am of the opinion that a party who has improperly removed such a case as this can have no just cause for complaint, if it is sent back to the court where it was commenced. He is simply required to forego some real or fancied advantage in the matter of jurisdiction to which he was not entitled under the law.

[4] In this case, the attachment was issued out of the state court, and in a sense the plaintiffs were under the protection of this court—that is, they could have invoked its protection if they needed it; they could have tried their case here, but they did not. This court has done nothing substantial for them. My opinion is that there is nothing in the circumstances presented in connection with this motion which would require this court to retain jurisdiction.

The motion to remand is granted.