### JACKSON v. MISSOURI, KANSAS & OKLAHOMA COACH LINES et al.

#### No. 3049.

District Court, W. D. Missouri.

Nov. 23, 1945.

Smith F. Brandom and Thomas C. Swanson, both of Kansas City, Mo., for plaintiff.

Watson, Ess, Groner, Barnett & Whittaker, of Kansas City, Mo., for Missouri, Kansas & Oklahoma Coach Lines.

Sam Mandell and Cowgill & Popham, all of Kansas City, Mo., for Yellow Transit Co.

REEVES, District Judge.

In her motion for a new trial the plaintiff charges that the verdict of the jury was contrary to the evidence and against the greater weight of the credible evidence. In addition, she says that she was prejudiced because one of the jurors sitting in the case had a "long-standing acquaintance with counsel for the Missouri, Kansas and Oklahoma Company, defendant herein," and "failed to reveal such fact upon interrogation by the Court and thereafter failed to bring to the Court's attention such disqualification."

1. It is unnecessary more than briefly to review the evidence in the case. The plaintiff was traveling westwardly in one of the busses operated by the defendant, Missouri, Kansas & Oklahoma Coach Lines. In the City of Guthrie, Oklahoma, there was a collision between the bus so operated and a truck operated by its co-defendant. There was considerable testimony that at the time the plaintiff disavowed injuries and in substance acquitted the defendant of having inflicted any injuries upon her. The verdict of the jury was well supported by the evidence. A new trial would, in all probability, be followed by an identical result. Under such

circumstances, the verdict of the jury should not be regarded as against the greater weight of the credible evidence. An affidavit of counsel for defendant, Missouri, Kansas & Oklahoma Coach Lines completely answers the charge of irregularity or default on the part of one of the jurors. The motion for a new trial should be overruled.

2. The motion to determine jurisdiction has also been examined in connection with the authorities submitted by the parties. It was the contention of the plaintiff, through her counsel, that there were irregularities in the removal of the case from a state to the federal court. Obviously there was a diversity of citizenship, and, moreover, the amount in controversy was within the jurisdiction of the court. No motion to remand has heretofore been filed in the case. The evidence presented by counsel shows that there were no irregularities in the removal proceeding. On the contrary, it conclusively shows that the case was regularly, timely and seasonably removed in conformity to the procedure outlined by statute.

However, even if there had been irregularities in the removal proceeding, nevertheless the court otherwise having jurisdiction, and the parties having put the case at issue, and the plaintiff having acquiesced in the trial of the case here, they would now be estopped to ask for a remand because of alleged irregularities in removal.

The identical question was considered by this court in Noethe v. Mann, D.C. 27 F.2d 451, 452. The court said:

"The general rule seems to be that, where a federal court would have jurisdiction of a cause which has been commenced in a state court, and improperly removed to the federal court, the plaintiffs may, by waiver, acquiescence, or consent, lose the right to have the case remanded because of matters not involving the jurisdiction of the federal court. Handley-Mack Co. v. Godchaux Sugar Co. 6 Cir., 2 F.2d 435; Guarantee Co. v. Hanway, 8 Cir., 104 F. 369; White v. Chase, 10 Cir., 201 F. 896; Toledo St. L. & W. R. Co. v. Perenchio, 7 Cir., 205 F. 472; Fienup v. Kleinman, 8 Cir., 5 F.2d 137."

The same ruling was made in Lopata v. Handler, 10 Cir., 121 F.2d 938, loc. cit. 940, where the court said:

"Where a suit is one of which a federal court may take jurisdiction, that is, a case which the plaintiff might properly bring in a federal court, and the defendant procures its removal from a state court, although such removal is wholly unauthorized, and the plaintiff acquiesces in such removal, the federal court acquires jurisdiction."

Many cases were cited to support this ruling.

In view of the above, the motion to determine jurisdiction must be ruled in favor of the jurisdiction of this court and the motion will be overruled. It will be so ordered.