## KRAMER v. JARVIS.
### Civ. No. 54–48.

United States District Court
D. Nebraska, Lincoln Division.
Dec. 21, 1948.

Ladd J. Hubka (of Hubka & Hubka), of Beatrice, Neb., for plaintiff.

Fred Vette (of Jack, Vette & Elliott), of Beatrice, Neb., for defendant.

DELEHANT, District Judge.

This action for the recovery of a judgment, in amount largely exceeding $3,000.-00, on account of personal injuries and expenses allegedly resulting from an automobile collision attributable to the defendant's negligence, was instituted on September 4, 1948 in the District Court of Johnson County, Nebraska, by the plaintiff, a citizen of Nebraska and a resident of Johnson County, therein, against the defendant, a citizen of Michigan. It was removed to this court on the ground of diversity of citizenship by the defendant in pursuance of a Petition for Removal, and upon the filing of a Bond for Removal, both filed in the state court on October 9, 1948. Summons requiring the defendant to answer on or before October 11, 1948 had been issued by the clerk of the district court of Johnson County, Nebraska, on September 8, 1948 of which a copy was filed in the office of the Secretary of State of Nebraska on September 10, 1948 and a copy delivered by registered mail to the defendant on September 11, 1948.

This court, upon its own motion, and by an order dated December 7, 1948, directed the consideration of the validity of its jurisdiction over the case. Counsel for both parties appeared at a hearing and presented their respective views upon the question.

The procedure pursued by the defendant in accomplishing the assumed removal, otherwise formally regular, was that formerly authorized by Act of March 3, 1911, C. 231, Section 29, 36 Statutes at Large 1095, Title 28 U.S.C.A. § 72. However, on September 1, 1948 (see Act of June 25, 1948, C. 646, § 38, 62 Statutes at Large 869), by the newly amended Judicial Code, that mode of procedure was repealed and was replaced by an entirely different method for the removal to the United States District Courts, of cases instituted in the state courts. Title 28 U.S.C.A. § 1446.

It is unnecessary on this occasion to point out in detail the distinctions between the two courses of action severally directed by the repealed, and by the presently effective, statutes. It is sufficient to observe two

vital distinctions between them. In the first place, by the former practice, the petition and bond by which removal was initiated were required to be filed in the state court. They must now be filed in the appropriate United States District Court. Secondly, the time for the institution of the removal proceeding has been altered. Formerly, the petition for removal had to be filed "at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff". Title 28 U.S. C.A. § 72, now repealed, ut supra. In the present practice, the time for that initial filing is "within twenty days after commencement of the action or service of process, whichever is later". Title 28 U.S.C.A. § 1446(b), as now effective.

It is, therefore, obvious that the defendant did not take any of the procedural steps for removal required by Title 28 U.S.C.A. § 1446, and also that he initiated his action to obtain removal in the state court, more than twenty days after the service of process upon him.

In harmony, therefore, with many controlling decisions requiring the faithful and seasonable pursuit of the statutory steps for removal as a condition to the peremptory termination of the jurisdiction of state courts over actions properly instituted in them, this court considers that the case was improperly, improvidently and invalidly removed to this court. Kansas City, Ft. S. & M. R. Co. v. Daughtry, 138 U.S. 298, 11 S.Ct. 306, 34 L.Ed. 963; Marking v. New St. Louis & Calhoun Packet Co., D.C.Ky., 48 F.Supp. 680; Ex parte Bopst, 4 Cir., 95 F.2d 828; Peavey v. Reed Co., D.C.N.Y., 41 F.Supp. 351. See authorities cited upon the point in Ransom v. Sipple Truck Lines, D.C.Iowa, 52 F. Supp. 521, 523.

However, not every defect in the observance of the statutory prescriptions of procedure or time for removal may be regarded as adequate in all circumstances to compel remanding action. If a case be of such character that it is lawfully removable—and this action is manifestly of that sort—then the steps by which removal may be accomplished are held to be procedural, "modal and formal"; and irregularities in their pursuit, and, in the case of the bond, its entire omission, have been considered to be subject to waiver, either by direct and express action to that end or by a course of conduct amounting to the unequivocal assent to the jurisdiction of the federal court. Ayers v. Watson, 113 U.S. 594, 5 S.Ct. 641, 28 L.Ed. 1093; Powers v. Chesapeake & O. R. Co., 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673; Guarantee Co. of North Dakota v. Hanway, 8 Cir., 104 F. 369; White v. Chase, 8 Cir., 201 F. 896; Fienup v. Kleinman, 8 Cir., 5 F.2d 137; Jacobson v. Chicago, M., St. P. & P. R. Co., 8 Cir., 66 F.2d 688; Lopata v. Handler, 10 Cir., 121 F.2d 938; Toledo, St. L. & W. R. Co. v. Perenchio, 7 Cir., 205 F. 472; Noethe v. Mann, D.C.Minn., 27 F.2d 451; Jackson v. Missouri, Kansas & Oklahoma Coach Lines, D.C.Mo., 63 F.Supp. 828. Among other acts, besides formal waiver or consent, resulting in the waiver of purely procedural irregularities in removal proceedings have been included, the allowance of the lapse, without motion to remand, of an extended period of time, proceeding to trial of an action on its merits, and the invitation and procurement by the plaintiff of affirmative action by the federal court.

In the present record there is no formal waiver; and counsel agree that there is no purpose or intention on the plaintiff's part to make one, and that he instituted his action in the state court understandingly and should be expected to remain in this forum for trial only if he has been lawfully brought here or has taken some action adequate to constitute a waiver of irregularities in the removal proceeding. His only action in this court has included, (a) the service and filing on November 9, 1948 of a demand for jury trial, and (b) the service on November 19, 1948, and the filing on November 20, 1948, of a wholly unnecessary and unauthorized (Rule 7(a), Federal Rules of Civil Procedure, 28 U.S.C.A.) reply to the defendant's answer, which was filed on November 1, 1948 and which tendered no "counterclaim denominated as such".

It would seem that the service and filing of the reply should be disregarded as insignificant. And, of the demand for jury trial, it must be said that, under Rules 38(b) and 81(c), it was an imperative precaution for the protection of a valuable right of the plaintiff, against the possibility that the case might be retained in this court and tried under the rules governing practice and procedure here.

The court, therefore, considers that the plaintiff has taken no action in this court by which he ought to be held to have waived any irregularity in the proceedings by which his case was withdrawn from the state court of the county of his own residence in which he purposefully commenced it. And that conclusion is reached the more readily in that the so-called "irregularity" actually involved is the complete failure by his adversary to take any step prescribed by the currently applicable statute for the bringing of the case to this court.

An order is being entered remanding the case to the state court.